# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WALTER J. RUIZ and MILLICENT Z. RUIZ, individually; and as husband and wife,<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>SOUTHERN AREA INTERDICTION NARCOTICS TEAM, a political subdivision of the State of Nevada; NEVADA DEPARTMENT OF PUBLIC SAFETY INVESTIGATION DIVISION, a political subdivision of the State of Nevada; DETECTIVE JOHN DOE BRYANT, individually/personally, and in his official capacity as a police officer; DETECTIVE JOHN DOE TRIMMING, individually/personally, and in his official capacity as a police officer; CLAYTON FULLER, M.D., an individual; DARRIN F. HOUSTON, D.O., an individual; ROBERT FOSTER, M.D., an individual; DOES I through XX, inclusive, and ROE CORPORATIONS XXVI through L, inclusive,<br>　　　　　　Defendants. | Case No.: 2:10-cv-00077-GMN-RJJ<br><br>**ORDER**<br><br>(Motion to Remand–#10) |

　　　Before the Court is Plaintiffs Walter J. Ruiz and Millicent Z. Ruiz's Motion to Remand to State Court (#10). Defendants filed a Response in Opposition (#13) and Plaintiffs a Reply (#14).

　　　The Court has considered the pleadings filed by all parties.

　　　IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand to State Court (#10) is DENIED.

///

///

**BACKGROUND**

On February 2, 2009, Plaintiffs filed suit in federal court, and were assigned Case Number 2:09-cv-00211. District Judge Mahan was assigned as the presiding judge. On June 18, 2009, Defendants Nevada Department of Public Safety Investigation Division, Southern Area Interdiction Narcotics Team, Detectives Bryant and Trimming (collectively "Defendants") filed a motion to dismiss in that case. *See* Case No. 2:09-cv-00211, Dkt. 5. Defendants asserted that: 1) Plaintiffs had failed to personally serve Defendants Trimming and Bryant; 2) Plaintiff had failed to properly serve Nevada Department of Public Safety, Investigation Division and the Southern Area Interdiction Narcotics Team; and 3) Plaintiffs' claims against these Defendants were barred by sovereign immunity under the Eleventh Amendment. *Id.* at 1. On September 16, 2009, Judge Mahan issued an Order granting Defendants' motion to dismiss. *See* Case No. 2:09-cv-00211, Dkt. 33. Judge Mahan did not reach the issue of the Eleventh Amendment sovereign immunity, but held that Defendants had not been properly served, which was dispositive in the case. *Id.* at 4. Accordingly, the claims against Defendants were dismissed without prejudice, without any resolution on the merits of Defendants' assertion of sovereign immunity. *Id.* at 6.

Subsequently, Plaintiffs filed a new suit in the Eighth Judicial Court of Nevada, Clark County, Nevada, on October 8, 2009, asserting the same basic claims as the previous suit in federal court. (Complaint, #1 Ex. A). Defendants then removed this action to federal court pursuant to 28 U.S.C. § 1441 on January 20, 2010. Defendants invoked this Court's jurisdiction over actions arising under federal law pursuant to 28 U.S.C. §1331. Plaintiffs now bring the instant motion to remand this case back to state court.

**DISCUSSION**

Plaintiffs argue that the Court must remand this action back to Nevada state court on the grounds that Defendants waived their right to remove to federal court by raising the issue of sovereign immunity under the Eleventh Amendment. A motion to remand is the proper

procedure for challenging removal, and the removal statute is strictly construed, with any doubt resolved in favor of remand. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

A party may waive their right to remove to federal court where, after it is apparent that the case is removable, a defendant takes actions in state court that manifests his or her intent to have the matter adjudicated there. *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). This constitutes abandonment to the right to a federal forum. But such waiver "must be clear and unequivocal." *Id.* (citing *Beghley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989)). In general, "the right of removal is not lost by action in the state court, short of proceeding to an adjudication on the merits." *Id.*

Plaintiffs claim that such waiver occurred when Defendants raised the issue of the Eleventh Amendment in their attempts to have the previous lawsuit dismissed. "The Eleventh Amendment provides that the 'Judicial power of the United States shall not be construed to extend to any suit ... commenced or prosecuted against one of the ... States' by citizens of another State, U.S. Const., Amdt. 11, and (as interpreted) by its own citizens." *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 618, 122 S. Ct. 1640 (2002) (quoting *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504 (1890)). This bar is not absolute, as a state remains free to waive this immunity from suit in a federal court. *Id.* For instance, the United States Supreme Court has held that removal constitutes a waiver of the immunity and a state may not invoke sovereign immunity after a case has been removed to federal court. *Id.* at 619.

Plaintiffs' claim that Defendants' attempt to dismiss the previous suit on Eleventh Amendment grounds should constitute clear and unequivocal waiver of a federal forum is unconvincing. If the previous suit had been removed from state court and Defendants' had attempted to remand the action, Plaintiffs position would have merit. But Defendants' motion to dismiss in the previous case is simply insufficient to bar removal of the instant case to federal

court. In the previous case, the Eleventh Amendment was invoked as an argument for dismissal of an action brought originally in federal court. Moreover, this issue was never reached by Judge Mahan, as the suit was dismissed without prejudice on the grounds that Plaintiffs had failed to serve Defendants properly.

Additionally, there is no manifest injustice resulting from allowing removal to federal court. However, contrary to Plaintiffs' claim, it does appear that Defendants are now barred from asserting their right to immunity under the Eleventh Amendment. *See Lapides*, 535 U.S. at 618. Nor are Plaintiffs' claims that Defendants failed to inform this Court of the previous lawsuit of any merit. The notice of removal explicitly references the earlier case. (#1).

Plaintiffs' request for sanctions is similarly without merit.

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand (#10) is DENIED.

Dated this 11th day of June, 2010.

_____
Gloria M. Navarro
United States District Judge